IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| J.E. DUNN CONSTRUCTION COMPANY<br><br>    Plaintiff,<br><br>v.<br><br>S.R.P. DEVELOPMENT LIMITED PARTNERSHIP, *et al*.<br><br>    Defendants. | Case No: 8:11-CV-01948-DKC |

**J.E. DUNN CONSTRUCTION COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE SRP FROM ASSERTING ITS REJECTED COUNTERCLAIMS AS DEFENSES TO JE DUNN'S <u>BREACH OF CONTRACT CLAIM</u>**

**INTRODUCTION**

Defendants SRP Development Limited Partnership, The Smoot Corporation and Robuck Investments, Inc. (collectively "SRP") should be precluded from offering at trial, as defenses to JE Dunn's breach of contract claim, SRP's counterclaim theories that this Court rejected in dismissing those counterclaims. Specifically, SRP should be precluded from arguing or introducing evidence regarding their theories that JE Dunn breached the parties' contract by failing to construct the project for the alleged Guaranteed Maximum Price ("GMP") and by surreptitiously negotiating with Metropolitan Baptist Church ("Metropolitan") to cut SRP out of the Project, and that JE Dunn made certain pre-contractual negligent misrepresentations to SRP regarding the alleged GMP.

In dismissing SRP's Counterclaim with prejudice, the Court held that SRP failed to state actionable claims against JE Dunn and rejected its claims that JE Dunn breached the contract (the "Subcontract" or "Agreement") by (1) negotiating with Metropolitan in an attempt to "cut

out" SRP from the Project by encouraging Metropolitan to terminate its agreements with SRP and (2) failing to complete the Project within the GMP. The Court also rejected SRP's claim that it was injured by JE Dunn's alleged negligent misrepresentation of the GMP. (ECF No. 75 at 10-19).

The Court's ruling left SRP without any viable defenses to JE Dunn's breach of contract claim, other than to argue that JE Dunn had not satisfied its burden of proof with respect to the damages it sustained. The Court made this even more clear when it ruled on SRP's motion for summary judgment on JE Dunn's breach of contract claim and held: "There is no question that J.E. Dunn was to be compensated upon termination of the contract with SRP without cause, provided there is a demand for payment and a proper accounting of the amount owed." (ECF No. 106 at 29).

Notwithstanding the Court's rulings, it appears that SRP wishes to muddy the waters, as it states in its sections of the Joint Pretrial Order that it intends to assert as defenses to the breach of contract claim the same legal theories the Court has already rejected and which have no relevance to the amount SRP owes JE Dunn pursuant to Article 14.3 of the Agreement. (ECF No. 111 at 4-6, 17-18, and Ex. B). These arguments and SRP's proposed evidence supporting them should be precluded from being offered at trial inasmuch as they are legally unsound, irrelevant and confusing to the jury.

**BACKGROUND**

On August 5, 2014, the Court granted JE Dunn's motion to dismiss SRP's amended counterclaims. As the Court noted in its Memorandum Opinion, SRP's breach of contract counterclaim alleged that JE Dunn breached the Subcontract with SRP (1) "by surreptitiously negotiating with Metropolitan to arrive at an agreement whereby Metropolitan would terminate its agreement with SRP[,]" and (2) "by failing to complete the Project within the GMP." (ECF

No. 75 at 10). SRP also alleged a claim for "pre-contractual negligent misrepresentation by J.E. Dunn, namely that J.E. Dunn knew that SRP would rely on J.E. Dunn's estimate that it could fully perform the Project within the GMP and intended for SRP to act on this representation." (*Id.* at 16). The Court rejected each of these legal theories. Regarding the breach of contract counterclaim, the Court stressed the absence of any provision in the Subcontract that prevented JE Dunn from engaging in the alleged discussions with Metropolitan and held that JE Dunn breached no contractual obligation by failing to complete the project within the GMP. The Court further noted that work stopped on the Project because SRP terminated the Subcontract after Metropolitan terminated its agreements with SRP. As for SRP's claims of pre-contractual negligent misrepresentations, the Court held that SRP failed to allege how JE Dunn's alleged underestimated GMP caused SRP injury, especially in light of the facts that SRP terminated the Subcontract without JE Dunn breaching the GMP and that JE Dunn did not demand SRP or Metropolitan to pay for costs in excess of the GMP. (*Id.* at 18). The Court also noted that it is "seriously doubtful that SRP could rightly rely on the GMP, given that the later-signed Agreement [*i.e.* Subcontract] provides that J.E. Dunn and SRP shall establish the GMP at a later point, once J.E. Dunn is furnished with the drawings and specifications from SRP's architect." (*Id.* at 19 n.6).

None of SRP's rejected legal theories is relevant to any defense to JE Dunn's claims for breach of contract for failure to pay the compensation due under Article 14.3 of the Subcontract, which is the only claim JE Dunn is now asserting against SRP. As the Court held in denying SRP's motion for summary judgment on that claim: "There is no question that J.E. Dunn was to be compensated upon termination of the contract with SRP without cause, provided there is a demand for payment and a proper accounting of the amount owed." (ECF No. 106 at 29).

3

Nevertheless, SRP indicates in its sections of the Joint Pretrial Order that it will attempt to argue and introduce evidence regarding each of its rejected counterclaims, even though none of this would be relevant to the matters at issue. For example, in SRP's "Statement of Facts and Legal Theories," SRP discusses its version of events surrounding the proposed GMP, cost escalations, "mismanagement by J.E. Dunn," and alleged "millions of dollars in charges above the proposed GMP …." (ECF No. 111 at 5). SRP also states in the same section: "Metropolitan and J.E. Dunn then met privately to cut SRP out of the Project to save the 5% markup due SRP as the project manager. In furtherance of this plan, Metropolitan terminated both of its contracts with SRP in July 2008." (*Id.*). In the same vein, SRP proposes to offer testimony of its principal, Paul Taylor, as an "expert witness" who will describe the history of the Project and blame most if not all of the Project's problems, including the terminations of the various contracts, on JE Dunn's allegedly improper pricing of the GMP. (*Id.* at 17-18).[1]

Finally, SRP's Exhibit List includes thirteen (13) documents that appear to relate solely to SRP's counterclaims, and which JE Dunn requests be excluded from evidence. These are SRP Exhibits J-M, O-Q and S-X.[2]

### ARGUMENT

SRP should not be allowed introduce these irrelevant matters into the upcoming trial. The Court has already rejected them on legal grounds, and they have no relevance to the sole claim SRP now faces in this case—that it breached the Subcontract and owes JE Dunn full

---

[1] JE Dunn has moved separately to preclude Mr. Taylor from offering any expert opinions, given the Court's dismissal of SRP's counterclaims. (ECF No. 110).

[2] SRP's Exhibit List and its proposed Exhibits J, K, O-Q and S-X are attached collectively hereto as **Exhibit 1**. Exhibit L is not included because it is a DVD; however, the Court can infer from its title ("DVD of the GMP presentation from JE Dunn to MBC and SRP in August 2006") that it relates to the GMP issues and is therefore irrelevant. JE Dunn is unable to locate Exhibit M ("MBC Partnering Session Summary of Meeting on 8/28-29/07") at this time, but given its date and the title it appears to also relate to project pricing issues that are irrelevant to JE Dunn's

compensation pursuant to Article 14.3 for its decision to terminate the Subcontract with JE Dunn without cause.  Fed. R. Evid. 401.  While SRP is entitled to attempt to challenge JE Dunn's proof of its damages, it should not be allowed to confuse the jury with arguments, testimony or documents regarding JE Dunn's allegedly negligent pre-contractual pricing of the project, cost overruns, or discussions with Metropolitan.  It is well settled that irrelevant matters, or matters whose relevance or probative value is questionable, should not be admitted where they would likely cause confusion and unfair prejudice. Fed. R. Evid. 403.  Trial of this case will be complicated enough for a jury without the added challenge that would be posed by the irrelevant matters that SRP seeks to introduce.

## CONCLUSION

For all of the foregoing reasons, JE Dunn respectfully requests that the Court enter an Order barring SRP from arguing or introducing evidence regarding their theories that JE Dunn breached the parties' contract by failing to construct the project for the alleged GMP or by negotiating with Metropolitan to cut SRP out of the Project.  SRP should be further precluded from arguing or introducing evidence to the effect that JE Dunn made pre-contractual negligent misrepresentations to SRP regarding the alleged GMP or improperly priced the GMP. SRP's proposed Exhibits J-M, O-Q and S-X should be specifically excluded from evidence as they relate to SRP's counterclaims rather than relevant matters.

---

breach of contract claim against SRP.

Respectfully submitted,

*/s/ Dwight W. Stone II*
Dwight W. Stone II (Bar No. 22968)
Adam Cizek (Bar No. 27114)
WHITEFORD, TAYLOR & PRESTON L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1636
Telephone: (410) 347-8700
Facsimile: (410) 223-3497
Email: dstone@wtplaw.com
acizek@wtplaw.com
*Attorneys for JE Dunn Construction Company*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of January, 2015, a true and accurate copy of the foregoing Memorandum in Support of Motion *in Limine* was sent via the Court's electronic notification system and/or via regular mail to:

Nicole L. Campbell
Huddles, Jones, Sorteberg & Dachille, P.C.
10211 Wincopin Circle, Suite 200
Columbia, MD 21044
*Attorneys for Defendants, S.R.P. Development Limited Partnership, The Smoot Corporation and Robuck Investments, Inc.*

O'Neil S. King
1400 K Street, N.W.
Suite 1000
Washington, D.C. 20005
*Attorneys for Defendant Metropolitan Baptist Church*

Kevin R. Keogh
Timothy J. Fitzgerald
Koehler Neal, LLC
1301 E. 9th Street, Suite 3330
Cleveland, OH 44114
*Attorneys for Defendants, S.R.P. Development Limited Partnership, The Smoot Corporation and Robuck Investments, Inc.*

          */s/ Dwight W. Stone II*
          Dwight W. Stone II

*2164229v4*