IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| J.E. DUNN CONSTRUCTION COMPANY<br><br>Plaintiff,<br><br>v.<br><br>S.R.P. DEVELOPMENT LIMITED PARTNERSHIP, *et al*.<br><br>Defendants. | Case No: 8:11-CV-01948-DKC |

**J.E. DUNN CONSTRUCTION COMPANY'S
MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE
DEFENDANTS S.R.P. DEVELOPMENT LIMITED PARTNERSHIP, THE SMOOT
CORPORATION AND ROBUCK INVESTMENTS, INC. FROM OFFERING
EVIDENCE OF THE ALLEGED AFFIRMATIVE DEFENSES OF FAILURE TO
MITGATE DAMAGES, WAIVER AND ESTOPPEL**

**INTRODUCTION**

Defendants S.R.P. Development Limited Partnership, The Smoot Corporation and Robuck Investments, Inc. (collectively, "SRP") should be precluded from asserting and offering any evidence in support of their alleged affirmative defenses of failure to mitigate damages, waiver and estoppel at the trial of this matter. SRP failed to disclose any facts or documents in support of these defenses in response to interrogatories specifically directed at SRP's defenses to JE Dunn's breach of contract claim—the only claim JE Dunn now asserts against SRP—and SRP's corporate designee confirmed during his deposition that SRP's interrogatory answers were full and complete.

SRP's position throughout discovery was that the facts supporting its defense to JE Dunn's breach of contract claim were the allegations asserted in its Counterclaim, *i.e.* that JE Dunn, not SRP, breached the parties' contract by failing to construct the project for the alleged

Guaranteed Maximum Price ("GMP") and by surreptitiously negotiating with Metropolitan Baptist Church ("Metropolitan") to cut SRP out of the Project, and that JE Dunn made certain pre-contractual negligent misrepresentations to SRP regarding the alleged GMP.  Importantly, all of the acts or omissions of JE Dunn allegedly supporting SRP's Counterclaim occurred prior to Metropolitan's termination of its contracts with SRP and SRP alleged no post-Metropolitan-termination allegations or facts in support of its defenses to JE Dunn's breach of contract claim.

Shortly after the close of discovery, this Court dismissed SRP's Counterclaim with prejudice finding that it failed to state actionable claims against JE Dunn.  The Court's ruling left SRP without any viable defenses to JE Dunn's breach of contract claim, other than to argue that JE Dunn had not satisfied its burden of proof with respect to the damages it sustained.  In the Fall of 2014, JE Dunn and SRP filed cross-motions for summary judgment and SRP made no mention of the defenses of waiver, estoppel or failure to mitigate damages and in the approximately sixteen (16) months following the close of discovery and the Court's dismissal of SRP's Counterclaim, SRP made no effort to amend or supplement its relevant discovery responses.  Yet, in its Statement of Relevant Facts in the Pre-Trial Order, SRP asserts that it intends to assert the defenses of waiver, estoppel and failure to mitigate damages in defense of JE Dunn's breach of contract claim based upon JE Dunn's conduct *after* Metropolitan terminated its contracts with SRP.

Having repeatedly confirmed during discovery that it would rely solely upon its Counterclaim allegations to defend against JE Dunn's breach of contract claim, it would be fundamentally unfair and severely prejudicial to JE Dunn to allow SRP to assert and attempt to elicit evidence in support these defenses at the trial of this matter.  SRP should be precluded from doing so.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 12, 2012, JE Dunn filed its Amended Complaint (ECF No. 31) against SRP and Metropolitan. JE Dunn's Amended Complaint asserted five (5) counts against SRP, Count I (Breach of Contract), Count II (*Quantum Meruit*), Count III (Unjust Enrichment), Count IV (Promissory Estoppel) and Count V (Negligence). JE Dunn's breach of contract claim against SRP asserts that SRP breached the parties' contract by failing to pay JE Dunn the categories of costs and fees identified in Section 14.3 of the parties' contract after SRP terminated the contract without cause pursuant to Section 14.1.[1]

On October 26, 2012, SRP filed its Answer, Counterclaim and Cross-Claim in response to the Amended Complaint (ECF No. 33). In its Answer, SRP offered a laundry list of seventeen (17) affirmative defenses, including failure to mitigate damages, waiver and estoppel. In its Counterclaim against JE Dunn, SRP alleged that JE Dunn, not SRP, breached the parties' contract by surreptitiously negotiating with Metropolitan to terminate its agreements with SRP and failing to finish the Project for the alleged GMP, and making negligent pre-contractual misrepresentations regarding the alleged GMP (collectively, the "Counterclaim Allegations").[2] All of the Counterclaim Allegations are based upon alleged wrongful or actionable conduct occurring *before* Metropolitan terminated its contracts with SRP.

On November 25, 2013, JE Dunn served its First Set of Interrogatories upon SRP. JE Dunn's First Set of Interrogatories included two interrogatories addressing exclusively the factual and documentary basis of all defenses SRP intends to assert to JE Dunn's breach of contract claim and the damages sought thereunder (the "Breach of Contract Interrogatories"). In response to the Breach of Contract Interrogatories, SRP cited its Counterclaim Allegations and

---

[1] *See* ECF No. 106 at 26-27; Amended Complaint (ECF No. 31) at ¶¶ 18, 21, 22, 25-30.

3

its entitlement to terminate the parties' contract without cause under Section 14.1.[3]  SRP's sworn Answers to the Breach of Contract Interrogatories made no reference whatsoever to any *post-*contract termination allegations or facts to support defenses to JE Dunn's breach of contract claim.

SRP's Original Answers to the Breach of Contract Interrogatories

The Breach of Contract Interrogatories and SRP's original Answers state:

> **INTERROGATORY NO. 7:**  If YOU contend that YOU are not indebted to J.E. Dunn under the SRP CONTRACT, or that YOUR are indebted to J.E. Dunn under the SRP CONTRACT for an amount less than that sought in the AMENDED COMPLAINT, STATE THE BASIS for your contention and describe in detail the manner in which you calculate any lesser amount you admit you owe J.E. DUNN, and IDENTIFY all DOCUMENTS related thereto.
>
> **ANSWER:**  See Section 14.1 of the SRP Subcontract, which expressly states that: "[i]f the Agreement between the Owner and the Design/Builder is terminated, the Design/Builder may terminate this Agreement without cause."  This condition is what exactly happened here.  In July 2008, Metropolitan terminated its Design-Build Contract with SRP.  In turn, SRP, as permitted by the SRP Subcontract, terminated the SRP Subcontract with J.E. Dunn.  This termination should be no surprise to J.E. Dunn as it was working directly with Metropolitan during this time to cut SRP out of the Project. (See documents produced herein as SRP000637 to SRP000639.)[4]
>
> **INTERROGATORY NO. 13**:  If you contend that you are not liable to JE Dunn for the categories of costs and fees identified in paragraph 14.3 of the CONTRACT, IDENTIFY all facts and DOCUMENTS that support your contention.
>
> **ANSWER:**  See the answer to Interrogatory No. 8.

SRP's Answer to Interrogatory No. 8, which is incorporated as SRP's Answer to Interrogatory

---

[2]   *See* (ECF No. 33 at 16).

[3]   SRP's Objections and Answers to Plaintiff's First Set of Interrogatories are attached hereto as **Exhibit 1**.

[4]   SRP000637-639 are letters dated July 7, 2008 and July 11, 2008 between Metropolitan and JE Dunn that SRP contends evidence the surreptitious negotiations alleged in SRP's Counterclaim.

4

No. 13 states in its entirety:

> **ANSWER:** Due to J.E. Dunn's failure to abide by its GMP submitted in September 2005, its continued failure to properly price the work and materials provided to the Project, and its subsequent unlawful collateral negotiations with Metropolitan occurring in or about July 2008, SRP was terminated by Metropolitan. Moreover, pursuant to Section 14.1 of the SRP Subcontract, if SRP was terminated by Metropolitan, SRP had the legal right to terminate the SRP Subcontract with J.E. Dunn.

The first sentence of SRP's original Answer to Interrogatory No. 13 simply summarized the Counterclaim Allegations. The second sentence of the Answer is non-responsive. JE Dunn has never disputed SRP's right to terminate its contract with JE Dunn under Section 14.1.[5] Interrogatory No. 13 seeks SRP's position as to why it alleges it is not liable to JE Dunn for the costs set forth in Section 14.3, which are to be paid to JE Dunn in the event of a termination pursuant to Section 14.1.

By letter dated February 20, 2014, JE Dunn's counsel demanded that SRP amend or supplement, *inter alia*, its Answer to Interrogatory No. 13.[6] The letter stated in pertinent part:

> SRP's statement that it had the right to terminate its contract with JE Dunn pursuant to Section 14.1 does not respond to Interrogatory No. 13. The questions posed is having terminated the contract pursuant to Section 14.1, on what basis does [] SRP contend that it is not obligated to pay the categories and costs and fees identified in Section 14.3 in light of the language: "Upon termination pursuant to Section 14.1 . . . the amount to be paid the Contractor shall be . . ." This Answer must be supplemented.

SRP failed to supplement its Answer to Interrogatory No. 13. Therefore, SRP served JE Dunn with a Motion to Compel.[7]

---

SRP000637-639 are attached hereto as **Exhibit 2**.

[5] *See* ECF No. 106 at 26-27.

[6] JE Dunn's counsel's letter dated February 20, 2014 is attached hereto as **Exhibit 3**.

[7] JE Dunn's Motion to Compel is attached hereto as **Exhibit 4**.

5

In response to the Motion to Compel, SRP served an Opposition asserting that its Answer to Interrogatory No. 13 was full and complete.[8] SRP's Opposition specifically stated:

> The Plaintiff [JE Dunn] takes exception to Defendants' [SRP] response to Interrogatory No. 13. The Plaintiff's exception centers around the relevant contract section used to calculate damages. In particular, the Plaintiff takes issue with the reference to Section 14.1 in the Defendants' response. The Plaintiff overlooks the other sentences of the Defendants' response to this Interrogatory, which provide the requested information. For this reason, the Plaintiff's exceptions are without merit.

Contrary to SRP's position in its Opposition, there was only one other sentence, not sentences, in its incorporated answer to Interrogatory No. 13.[9] Despite SRP's counsel's representation in its Opposition that its response to Interrogatory No. 13 provided the information requested, JE Dunn served a Reply demanding that SRP supplement the answer to identify the "other sentences" referenced in its Opposition or "affirm that it has identified all facts and documents to support its contention that SRP is not liable to JE Dunn for the categories of costs and fees identified in paragraph 14.3 of the contract."[10]

After JE Dunn's Reply was served, SRP served its Amended Answers to Interrogatories. In response to Interrogatory No. 13, SRP stated:

> No amendment is necessary. SRP has identified all facts or documents to support its contention that SRP is not liable to JE Dunn for the categories of costs and fees identified in paragraph 14.3 of the contract.[11]

JE Dunn refused to accept this response from SRP and its continuing attempt to incorporate by reference its two sentence Answer to Interrogatory No. 8. JE Dunn advised SRP that it would proceed to file its Motion to Compel with the Court unless SRP amended its Answer to

---

[8] SRP's Opposition to Motion to Compel is attached hereto as **Exhibit 5**.

[9] Further, that other sentence, which merely stated the general theories for SRP's Counterclaim, did not state with any specificity that facts that allegedly supported SRP's Counterclaim.

[10] JE Dunn's Reply is attached hereto as **Exhibit 6**.

[11] SRP's Amended Answers to Plaintiff's First Set of Interrogatories is attached hereto as **Exhibit 7**.

6

Interrogatory No. 13 to set forth all facts and identify all documents within the Answer. SRP agreed to do so on June 20, 2014, in an email exchange between JE Dunn's and SRP's counsel.[12]

In the email exchange, JE Dunn's counsel stated, in pertinent part:

> This email will confirm our telephone conversation, during which we agreed to the following resolution. SRP will supplement its Answer to Interrogatory No. 13 to, within Answer to Interrogatory No. 13 and without reference to any other Interrogatory, [] identify all facts and documents that support its contentions.

SRP's counsel responded:

> Thank you again for discussing these issues with me. This e-mail confirms that I will provide an update to Interrogatory No. 13 by Wednesday without reference to any other interrogatory in my client's answer.

### SRP's "Final Answer" to the Breach of Contract Interrogatories

On June 25, 2014, SRP served JE Dunn with its Third Amended Answers to JE Dunn's Interrogatories, which supplemented only SRP's Answer to Interrogatory No. 13.[13] SRP's supplemented Answer to Interrogatory No. 13 states in its entirety:

> **Answer:** SRP does contend that it is not liable to J.E. Dunn for the category of costs and fees identified in paragraph 14.3 of the Contract. The facts and documents supporting this contention are as follows: Due to J.E. Dunn's failure to abide by its GMP submitted in September 2005, its continued failure to properly price the work and materials provided to the Project, and its subsequent unlawful negotiations with Metropolitan occurring in or about July 2008, SRP was terminated by Metropolitan. Moreover, pursuant to Section 14.1 of the SRP Subcontract, if SRP was terminated by Metropolitan, SRP had the legal right to terminate the SRP Subcontract with J.E. Dunn.

---

[12] The relevant portions of the email exchange between counsel for JE Dunn and counsel for SRP are attached hereto as **Exhibit 8**.

[13] SRP's Third Amended Answers to Plaintiff's Interrogatories are attached hereto as **Exhibit 9**.

7

With the exception of the prefatory statement preceding the colon, SRP's amended Answer to Interrogatory No. 13 is identical to its original incorporated Answer. No further supplementations or amendments were made to SRP's Answer to Interrogatory No. 13.

Shortly after SRP served its Third Amended Answers to Interrogatories upon JE Dunn, JE Dunn deposed SRP's corporate designee, Paul Taylor, and further inquired whether SRP's Answer to Interrogatory No. 13 was full and complete.[14] The specific colloquy was follows:

> Q   [Exhibit] Number 22.  Answers to interrogatory number thirteen asks if you contend that you're not liable to J.E. Dunn for the categories of costs and fees identified in paragraph 14.3 of the contract, identify all facts and documents that support your contention.  Is S.R.P.'s answer full and complete with respect to that interrogatory?
>
> A   Yes.
>
> Q   So all the facts are laid forth in that answer?
>
> A   Yes.

Shortly after the conclusion of the discovery period in this action, the Court dismissed SRP's Counterclaim with prejudice (ECF Nos. 75 and 76).   In doing so, the Court expressly rejected SRP's assertions that JE Dunn breached its contract with SRP by surreptitiously negotiating with Metropolitan to terminate its agreements with SRP and by failing to finish the Project for the alleged GMP, and that JE Dunn made actionable negligent pre-contractual misrepresentations regarding the alleged GMP.  These were the sole defenses disclosed by SRP in responding to JE Dunn's Interrogatories regarding JE Dunn's breach of contract claim under Section 14.3 of the parties' contract.

On October 3, 2014, JE Dunn moved for Summary Judgment on Count I (Breach of Contract) of its Amended Complaint (ECF No. 95).   On October 22, 2014, SRP filed its

---

[14]   The relevant portions of the deposition of SRP's Corporate Designee, Paul Taylor, are attached hereto as **Exhibit 10**.

Opposition and Cross-Motion for Summary Judgment in which it sough summary judgment on, *inter alia*, JE Dunn's Count I (Breach of Contract) of its Amended Complaint (EFC No. 97 and 97-1). Neither SRP's Opposition to JE Dunn's Motion for Summary Judgment on Count I (Breach of Contract) nor its Cross-Motion for Summary Judgment asserted, much less mentioned, the defenses of waiver, estoppel or failure to mitigate damages.[15]

Subsequently, this Court ruled that there is no question that JE Dunn was entitled to be compensated upon a termination of its contract with SRP as long as it satisfies its burden of proof with respect to damages (ECF No. 106 at 29). As indicated in the recently filed Pre-Trial Order, JE Dunn has abandoned its claim against SRP for negligence and will proceed to trial against SRP only on its breach of contract claim.

In its Statement of Relevant Facts in the Pre-Trial Order, SRP asserts that it intends to assert the defenses of waiver, estoppel and failure to mitigate damages in defense of JE Dunn's "breach of contract claim and/or damages claim against SRP."[16] SRP contends that "[b]y continuing to work on the Project with a direct relationship with Metropolitan," JE Dunn has waived and/or is estopped from pursing its breach of contract and related damages claim and failed to mitigate its damages.[17] As a result of SRP's utter failure to identify the foregoing facts and defenses in response to JE Dunn's Breach of Contract Interrogatories and SRP's corporate designee having testified under oath that the Counterclaim Allegation were the full and complete

---

[15] SRP did argue in its Cross-Motion for Summary Judgment that it was entitled to partial summary judgment on JE Dunn's breach of contract claim based upon JE Dunn's alleged failure to satisfy a contractual condition precedent. In addition to establishing that SRP's condition precedent argument was without merit, JE Dunn expressly objected to the assertion of such defense based upon SRP's failure to disclose the defense in response to JE Dunn's Answer to Interrogatory No. 13. *See* ECF No. 99 at 7, n. 5. As a result of JE Dunn's objection, SRP's new counsel was clearly on notice of the limited nature of the defenses previously disclosed by SRP to JE Dunn. In its Reply, SRP simply ignored JE Dunn's objection to SRP's assertion of the undisclosed defense to JE Dunn's breach of contract claim. *See, generally*, ECF No. 102.

[16] *See* Joint Pre-Trial Order at 6.

[17] *Id.*

9

basis upon which SRP would defend JE Dunn's breach of contract claim, SRP should be precluded from asserting these defenses at the trial of this matter.

## ARGUMENT

### I. SRP Should Be Precluded From Presenting Evidence in Support of and Asserting the Defenses of Waiver, Estoppel and Failure to Mitigate Damages as a Result of its Answers to the Breach of Contract Interrogatories.

SRP has the burden to prove each of its affirmative defenses. *Newell v. Richards,* 323 Md. 717, 724 (1991).[18] In response to the Breach of Contract Interrogatories, SRP made clear that it intended to rely solely upon the Counterclaim Allegations to defend against JE Dunn's breach of contract claim and the damages sought thereunder. The Counterclaim Allegations are based upon alleged acts and omission of JE Dunn that occurred prior to Metropolitan terminating its contracts with SRP. SRP identified no acts or omission of JE Dunn occurring after Metropolitan terminated its contracts with SRP to support its defenses to JE Dunn's breach of contract claim and no acts or omissions that could support the defenses of waiver, estoppel or failure to mitigate damages.

Having not identified any facts in support of such defenses in response to the Breach of Contract Interrogatories, SRP should be precluded from asserting and presenting evidence of the defenses at the trial of this matter. *Capital Ctr., LLC v. Wilkinson*, No. RDB 04-00182, 2006 U.S. Dist. LEXIS 13121, at *39 (D. Md. Mar. 27, 2006) (granting plaintiff's motion for summary judgment on affirmative defense of "waiver and estoppel" due to defendant's failure to provide any factual support for the defense despite being specifically asked to do so via interrogatory); *id.* at 36 (granting plaintiff's motion for summary judgment on counterclaim for negligent misrepresentation, after barring defendant from offering damages evidence due to

---

[18]   In a diversity case such as this one, the allocation of burden of proof is a question of state law.  5 Wright & Miller *Federal Practice & Procedure*: *Civil 3d* § 1272 ("The *Erie* doctrine continues to dictate that in a diversity

failure to comply with an order to provide a responsive answer to an interrogatory on counterclaim damages); *see also Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 653 (D. Md. 1997) ("[F]or interrogatories to work as intended by the drafters of the rules of civil procedure, it is essential that counsel who receive them act with diligence and good faith, and submit timely, responsive and complete answers."); Fed. R. Civ. P. 33 ("An answer to an interrogatory may be used to the extent allowed by the Federal Rules of Evidence."); *Buckley v. Airshield Corp.*, 116 F. Supp. 2d 658, 669 (D. Md. 2000) ("[A] party opponent's answers to interrogatories are admissible as admissions. . . . Such admissions qualify as substantive evidence of the fact stated therein.").

SRP's failure to disclose any post-Metropolitan-termination facts to support the defenses of waiver, estoppel and failure to mitigate damages was clearly not an innocent oversight. It was a calculated strategic decision made by SRP's. For more than four (4) months JE Dunn objected to SRP's Answer to Interrogatory No. 13 and demanded that SRP fully supplement its Answer to Interrogatory No. 13 without reference to any other interrogatory answer. JE Dunn went as far as to serve a Motion to Compel. In response, SRP amended its Answer to Interrogatory No. 13 and steadfastly continued to assert that the Counterclaim Allegations were the sole facts upon which SRP intends to defend JE Dunn's breach of contract claim. SRP should be bound by its Answer to Interrogatory No. 13 and should be precluded from asserting and presenting evidence of defenses of waiver, estoppel and failure to mitigate damages. *See* Fed. R. Civ. P. 26(e)(1)(A); Hon. Paul W. Grimm, *Discovery Problems and their Solutions*, pp. 34-35 ("Failure to supplement interrogatory answers when required may be sanctionable by entry of an order precluding the offending party from introducing at trial evidence that varies from or supplements

---

action the ultimate burden of proof on an issue is a substantive matter and is to be governed by state law.").

its interrogatory answers.") (citing *Nicholas v. Pa. State Univ.*, 227 F.3d 133 (3rd Cir. 2000) and *Rodowicz v. Mass Mut. Life Ins. Co.*, 279 F.3d 36 (1st Cir. 2002)).

Although SRP's sworn answers to the Breach of Contract Interrogatories were sufficient to bind SRP exclusively to the Counterclaim Allegations as the basis for its defense to JE Dunn's breach of contract claim, JE Dunn, nevertheless, confirmed SRP's position by asking SRP's corporate designee during deposition whether SRP's Answer to Interrogatory No. 13 was "full and complete" and whether "all the facts" were identified in the Answer.  SRP's corporate designee unequivocally affirmed the completeness of the Answer.  No clearer example of a party that should be bound by its answer to an interrogatory can be imagined.  SRP is bound by the testimony of its Rule 30(b)(6) designee and is not permitted to change its defense theory now. *See, e.g., Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Masuda*, 390 F. Supp. 2d 479, 487 (D. Md. 2005) ("If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation.") (emphasis added) (quoting *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996)); *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 504 (D. Md. 2000) ("[A] corporation served with a Rule 30(b)(6) notice of deposition has a duty to produce such number of persons as will satisfy the request and more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation.") (internal quotation marks and brackets omitted); *see also In re: Family Dollar FLSA Litigation*, 637 F.3d 508, 512-13 (4th Cir. 2011) (ruling that sworn testimony, once given, may not be considered to be genuinely disputed by the same party's later affidavit.").

**CONCLUSION**

For all of the foregoing reasons, JE Dunn respectfully requests that the Court enter an Order barring Defendants from introducing any evidence and asserting the defenses of waiver, estoppel and failure to mitigate damages at the trial of this matter, and for such other and further relief as this Court deems just and equitable under the facts of this case.

Respectfully submitted,

*/s/ Dwight W. Stone II*
Dwight W. Stone II (Bar No. 22968)
Adam Cizek (Bar No. 27114)
WHITEFORD, TAYLOR & PRESTON L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1636
Telephone:	(410) 347-8700
Facsimile:	(410) 223-3497
Email:	dstone@wtplaw.com
	acizek@wtplaw.com
*Attorneys for JE Dunn Construction Company*