IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| J.E. DUNN CONSTRUCTION COMPANY<br><br>    Plaintiff,<br><br>v.<br><br>S.R.P. DEVELOPMENT LIMITED PARTNERSHIP, *et al*.<br><br>    Defendants. | Case No: 8:11-CV-01948-DKC |

**J.E. DUNN CONSTRUCTION COMPANY'S
MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE
DEFENDANTS S.R.P. DEVELOPMENT LIMITED PARTNERSHIP, THE SMOOT
CORPORATION AND ROBUCK INVESTMENTS, INC. FROM CALLING
WITNESSES AND INTRODUCING DOCUMENTS INTO EVIDENCE THAT WERE
NOT DISCLOSED OR PRODUCED IN DISCOVERY**

**INTRODUCTION**

SRP's pre-trial filings evidence a blatant attempt by SRP to litigate a wholly different defense to JE Dunn's breach of contract claim than that disclosed by SRP to JE Dunn during discovery. In the Joint Pre-Trial Order and in its Exhibit List, SRP indicates that it intends to call witnesses to testify and to introduce exhibits at the trial of this matter, which witnesses and exhibits were not disclosed or produced by SRP in discovery despite being directly responsive to discovery requests served upon SRP by JE Dunn. SRP should be prohibited from calling the undisclosed witnesses and introducing exhibits that were likewise not disclosed or produced.

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 27, 2013, JE Dunn served its First Set of Interrogatories and First Request for Production of Documents upon SRP.[1] JE Dunn's Interrogatory Nos. 3 and 5 request that SRP

---

[1] JE Dunn's First Set of Interrogatories and First Request for Production of Documents are attached

identify all individuals that have knowledge that supports a position SRP has taken or intends to take in this action, and that SRP identify all documents, electronically stored information, and tangible things that support a position that SRP has taken or intends to take in this action. J.E. Dunn's Request for Production of Documents No. 1 requested that SRP produce all documents, electronically stored information, and tangible things identified in answering JE Dunn's Interrogatories. The Interrogatories and Request specifically state:

> **Interrogatory No. 3:** IDENTIFY[2] each person, other than a person intended to be called as an expert witness at trial, having discoverable information that tends to support a position that you have taken or intend to take in this action, and state the subject matter of the information possessed by that person.
>
> **Interrogatory No. 5:** If you intend to rely upon any DOCUMENTS, electronically stored information, or tangible things to support a position that you have taken or intend to take in the action, including any claim for damages, provide a brief description, by category and location, of all such DOCUMENTS, electronically stored information, and tangible things, and IDENTIFY all individuals and/or entities having possession, custody, or control of them.
>
> **Request No. 1:** All DOCUMENTS or other tangible things referred to or identified in answering JE DUNN'S Interrogatories to YOU.

In response to JE Dunn's Interrogatory No. 3, SRP identified fourteen (14) individuals and very general categories of knowledge allegedly possessed by the individuals. In response to JE Dunn's Interrogatory No. 5 and Request No. 1, SRP identified its entire document production in this case SRP000001 – 000657.[3]

JE Dunn objected to SRP's Interrogatory No. 3 because it failed to set forth the alleged

---

hereto as **Exhibit 1**.

[2] IDENTIFY and several other terms in JE Dunn's First Set of Interrogatories are defined in the "Definitions and Instructions" section at pages one through seven of **Exhibit 1**.

[3] SRP's Objections and Answers to Plaintiff's First Set of Interrogatories and Objections and Responses to Plaintiff's First Request for Production of Documents are attached hereto as **Exhibit 2**.

2

knowledge possessed by any of the individuals that tends to support positions SRP has taken or intends to take in this action.[4] After JE Dunn served SRP with a Motion to Compel and the Motion was fully briefed, SRP amended its Answer to Interrogatory No. 3 twice to include only slightly more relevant information.[5] However, relevant to the instant motion, SRP did not identify any additional individuals with knowledge that supports a position SRP has taken or intends to take in this action.

On July 8, 2014, JE Dunn deposed SRP's corporate designee, Paul Taylor. Mr. Taylor testified that SRP's document production identified in response to Interrogatory No. 5, SRP000001 – 639, was a complete, thorough and accurate answer to Interrogatory No. 5.[6] SRP's counsel clarified that SRP had also produced a DVD of a July 2006 meeting related to the Project. Mr. Taylor testified that SRP000001- 639 and the DVD constituted a complete response to Interrogatory No. 5 and a complete production of documents in response to JE Dunn's First Request for Production of Documents.[7]

In the Pre-Trial Order, SRP identifies two witnesses that it will call to testify at the trial of this matter, Paul Taylor and Ron J. Luman. Mr. Luman was never disclosed by SRP as an individual that has information that supports a position SRP has taken or intends to take in this action and the alleged knowledge possessed by Mr. Luman that support's SRP's position(s) was likewise never disclosed by SRP to JE Dunn.

During the subject construction project, Mr. Luman was an employee of the project

---

[4] JE Dunn's counsel's February 20, 2014 letter to SRP's counsel objecting to, *inter alia*, SRP's Answer to Interrogatory No. 3 is attached hereto as **Exhibit 3**.

[5] SRP's Second Amended Answers to Plaintiff's First Set of Interrogatories are attached hereto as **Exhibit 4**.

[6] The relevant portions of SRP's corporate designee's deposition are attached hereto as **Exhibit 5**. *See id.* at 169-71.

[7] *Id.* at 169-71; 224-25.

architect, Rees & Associates.  Not only was Mr. Luman not identified by SRP in discovery, SRP failed to identify any employee or representative of Rees & Associates as having information that supports a position SRP has taken or intends to take in this action.  Nevertheless, SRP also identifies two other employees of Rees & Associates as witnesses SRP will call, if necessary, Robert W. Genter and Selina Hinjosa-Lin.  Additionally, SRP has identified the following witnesses that were never disclosed to JE Dunn by SRP in discovery: Rob Woods (SRP's "in-house" counsel); Norm Jenkins (Metropolitan); Todd Barnett (JE Dunn); and, Travis Noble (JE Dunn).

In its Exhibit List, SRP identifies several documents that it never identified in response to JE Dunn's Interrogatory No. 5 or produced in response to JE Dunn's First Request for Production of Documents, including, but not limited to, Request No. 1.  Specifically, SRP failed to identify or produce Exhibits Y, Z, and II – LL.[8]

## ARGUMENT

JE Dunn was entitled to rely upon the accuracy and completeness of SRP's discovery responses.  *See Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 653 (D. Md. 1997) ("[F]or interrogatories to work as intended by the drafters of the rules of civil procedure, it is essential that counsel who receive them act with diligence and good faith, and submit timely, responsive and complete answers."); Fed. R. Civ. P. 33 ("An answer to an interrogatory may be used to the extent allowed by the Federal Rules of Evidence."); *Buckley v. Airshield Corp.*, 116 F. Supp. 2d 658, 669 (D. Md. 2000) ("[A] party opponent's answers to interrogatories are admissible as admissions. . . . Such admissions qualify as substantive evidence of the fact stated

---

[8]     SRP also did not produce a letter from Rob Wood to JE Dunn dated August 15, 2008 (Exhibit HH); however, JE Dunn assumes that the identified date is an error and SRP is referring to Mr. Wood's letter dated August 18, 2008 to JE Dunn.  If not, JE Dunn also objects to Exhibit HH and SRP should likewise be precluded from introducing the letter at the trial of this matter.

therein."). This is especially true here, where SRP's corporate designee testified under oath that the responses and SRP's document production were full and complete. *See, e.g., Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Masuda*, 390 F. Supp. 2d 479, 487 (D. Md. 2005) ("If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation.") (emphasis added) (quoting *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996)); *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 504 (D. Md. 2000) ("[A] corporation served with a Rule 30(b)(6) notice of deposition has a duty to produce such number of persons as will satisfy the request and more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation.") (internal quotation marks and brackets omitted); *see also In re: Family Dollar FLSA Litigation*, 637 F.3d 508, 512-13 (4th Cir. 2011) (ruling that sworn testimony, once given, may not be considered to be genuinely disputed by the same party's later affidavit).

Further, over the past seventeen (17) months SRP has made no effort whatsoever to cure its discovery failures. SRP has not amended its discovery responses in any respect whatsoever or produced any additional documents to JE Dunn. *See* Fed. R. Civ. P. 26(e)(1)(A); Hon. Paul W. Grimm, *Discovery Problems and their Solutions*, pp. 34-35 ("Failure to supplement interrogatory answers when required may be sanctionable by entry of an order precluding the offending party from introducing at trial evidence that varies from or supplements its interrogatory answers.") (citing *Nicholas v. Pa. State Univ.*, 227 F.3d 133 (3rd Cir. 2000) and *Rodowicz v. Mass Mut. Life Ins. Co.*, 279 F.3d 36 (1st Cir. 2002)). SRP should be bound by its discovery responses and document production, and its failure to supplement those responses warrants the sanction of

preclusion of any previously-undisclosed evidence or witnesses. Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at trial[.]").

## CONCLUSION

For all of the foregoing reasons, JE Dunn respectfully requests that the Court enter an Order barring Defendants from calling the witnesses identified in SRP's witness list that were not disclosed in discovery and from attempting to introduce as exhibits any documents not identified and produced to JE Dunn in discovery.

Respectfully submitted,

 */s/ Dwight W. Stone II*
Dwight W. Stone II (Bar No. 22968)
Adam Cizek (Bar No. 27114)
WHITEFORD, TAYLOR & PRESTON L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1636
Telephone: (410) 347-8700
Facsimile: (410) 223-3497
Email: dstone@wtplaw.com
acizek@wtplaw.com
*Attorneys for JE Dunn Construction Company*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of January, 2016, a true and accurate copy of the foregoing Memorandum in Support of Motion in Limine was sent via the Court's electronic notification system and/or via regular mail to:

Nicole L. Campbell
Huddles, Jones, Sorteberg & Dachille, P.C.
10211 Wincopin Circle, Suite 200
Columbia, MD 21044
*Attorneys for Defendants, S.R.P. Development Limited Partnership, The Smoot Corporation and Robuck Investments, Inc.*

O'Neil S. King
1400 K Street, N.W.
Suite 1000
Washington, D.C. 20005
*Attorneys for Defendant Metropolitan Baptist Church*

Kevin R. Keogh
Timothy J. Fitzgerald
Koehler Fitzgerald, LLC
1301 E. 9th Street, Suite 3330
Cleveland, OH 44114
*Attorneys for Defendants, S.R.P. Development Limited Partnership, The Smoot Corporation and Robuck Investments, Inc.*

/s/ Dwight W. Stone II
Dwight W. Stone II

*2165496v2*